## In the Matter of the Estate of JAY ROLAND, Deceased.

Surrogate's Court, New York County, June 4, 1962.

*Ellenbogen & Klein* for Leonard Roland and another, as executors, petitioners. *Humphrey Statter* for Florence L. Roland, respondent.

S. SAMUEL DI FALCO, S.   On this motion of the executors under rule 9-a of the Rules of Civil Practice to enjoin and stay the objectant from prosecuting her objections to their account or taking any other proceedings herein, she has submitted an answering affidavit in which she states that she fears bodily harm at the hands of three persons whose names she furnishes in the affidavit and who are related to the executors.  She further alleges that in May, 1961, she moved out of an apartment where she had resided for 10 years and moved into a wholly different part of the city because of her fear of these persons and her desire to avoid and lose all contacts with them.  In her affidavit she authorizes her attorney herein to accept service of any process on her behalf, to give a written admission of such service and to serve and file a notice of appearance on her behalf in any action or proceeding.

Rule 9-a of Rules of Civil Practice reads as follows:

" Any party to an action or proceeding, by notice in writing, may demand of any other party a verified statement setting forth his post office address and his residence, in sufficient detail to permit ready location  *  *  *."

" If a party fails to comply with such demand within ten days after the service of such notice, the court, on motion, may enforce such demand and in a proper case direct that proceedings upon his part shall be stayed, or make such other order in the premises as justice requires."

It is stated in Tripp, A Guide to Motion Practice that, upon an application to the court after there has been no compliance with the demand: " The court may then direct that the proceedings by the delinquent party be stayed or ' make such other order

in the premises as justice requires.' It is clear from the foregoing that the enforcement of a demand for disclosure of the address of a party rests in the sound discretion of the court. (*Herman* v. *Herman,* Eder, J., N. Y. L. J., Feb. 17, 1942, p. 722, col. 4), and that the relief is not granted for the mere asking. The party seeking enforcement must show that some beneficial result would be accomplished by the disclosure or that a denial thereof would prejudice the party seeking it. (*Carson* v. *Car son,* Koch, J., N. Y. L. J., June 28, 1947, p. 2533, col. 3; *Kanter* v. *Kanter,* Aurelio, J., N. Y. L. J., July 26, 1948, p. 140, col. 6.) In the absence of such a showing, enforcement will be denied. In *Ginnell* v. *Ginnell,* N. Y. L. J., March 13, 1942, p. 1093, col. 5, Mr. Justice Shientag denied an application of this character ' without prejudice and with leave to the plaintiff to move again for the relief sought in the event the address of the defendant becomes necessary in the prosecution of the action ' " (§ 50, p. 136).

It has been held that since the plaintiff expressed some apprehension about revealing his residence address, and since his business address had been disclosed, the court in the exercise of discretion would not require disclosure of the residence address although leave would be given to the defendants to make a new application in the event his address became necessary for the prosecution of the action. (*Nagy* v. *Bishop's Serv.,* N. Y. L. J., June 30, 1960, p. 6, col. 4; see, also, *Slaff* v. *Friedman,* N. Y. L. J., April 12, 1960, p. 7, col. 8.)

In view of the statements in the objectant's affidavit the executors' application is denied without prejudice to a renewal thereof and a proper showing of the necessity for the disclosure of the objectant's present residence address.